Gibson J.,
delivered the opinion of the Court.
If, by possibility, a case should occur in which there was originally no other remedy than trover, we would be sorry to say there should be a failure of justice, for want of a remedy in a form that, as the law now stands, may survive; but then the particular circumstances should appear. In ordinary cases, there can be no difficulty in reconciling justice to the strict rule of law ; for if the goods have specifically passed into, the hands of the executor, an action founded on the right of property, will lie directly against him, without reference to the testator; or, if they have been converted into money by the testator, an action for money had and received may be maintained. The only difficulty is in the case put by *274 Lord' Mansfield in Hambly v. Trott, where the goods have been consumed by the testator; in which case the plaintiff may possibly have no action but what is founded in tort., excePt detinue, which, also, but for a different reason, does not surv*ve' The law is, however, too well settled to be questioned that the action of trover ordinarily dies with the perS0IK The whole matter was considered in Hambly v. Trott, by a Court as remarkable for ability as for its disregard of all forms which stand in the way of justice. After the decision in that case, little can be said, except that although we may suppose even more might have been done to get rid of the unjust doctrine of any remedy for compensation of an injury being lost by the death of the perpetrator ; yet, when such a Judge as Lord Mansfield stops short, succeeding Judges ought to pause. Where the plaintiff might have instituted an action against the testator, which could be revived against his executors, and yet has resorted to a perishable remedy, he has no ground of complaint that he can neither prosecute it, nor, by reason of the intervening of the statute of limitations, commence another immediately against the executors ; for it is his own fault, that he did not at first bring his action in the form best adapted to secure him against the loss of it by the contingency of the defendant’s death. Such appears to be the case before us. Perhaps, in no instance, is an action arising ex delecto exclusively the proper remedy, where the property of one has been converted to the use of another; but if it even were, it does not appear that the plaintiff could not, in this case, have had a suit in another form. It is of importance to preserve settled distinctions by adhering to .established forms, a departure from which can never be justified on the ground of mere inconvenience ; and although this principie should not be carried to an extreme, yet nothing short of a failure of justice will justify an interference. Not being prepared to depart from the precedent in Hambly v. Trott, we are of opinion that the judgment be affirmed.
Judgment affirmed.